IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRIAN ANTHONY KORNETZ,<br><br>    Plaintiff,<br><br>vs.<br><br>KILOLO KIJAKAZI,<br><br>    Defendant. | )<br>)<br>)<br>)<br>) Civil Action No. 22-108-E<br>)<br>)<br>)<br>)<br>) |

ORDER

AND NOW, this 27th day of March 2023, upon consideration of Defendant's Motion for Summary Judgment (Doc. No. 12) filed in the above-captioned matter on July 26, 2022,

IT IS HEREBY ORDERED that the Motion is DENIED.

AND, further, upon consideration of Plaintiff's Motion for Summary Judgment (Doc. No. 10) filed in the above-captioned matter on June 27, 2022,

IT IS HEREBY ORDERED that Plaintiff's Motion is GRANTED insofar as he has sought remand for further administrative proceedings. Accordingly, this matter is hereby remanded pursuant to the fourth sentence of 42 U.S.C. § 405(g).

I.  **Background**

Plaintiff protectively filed an application for disability insurance benefits ("DIB") pursuant to Title II of the Social Security Act ("Act"), 42 U.S.C. § 401 *et seq.*, on January 29, 2020. (R. 15). After an initial denial and denial upon reconsideration, Plaintiff sought a hearing before an Administrative Law Judge ("ALJ"). (*Id.*). A hearing was conducted telephonically on January 28, 2021, and the ALJ who conducted the hearing and considered Plaintiff's claim denied it on March 12, 2021. (R. 15, 25). Plaintiff sought review before the Appeals Council and, upon the Appeals Council's denial of the request for review (R. 1), the ALJ's decision

1

became the final agency determination of Plaintiff's disability. 20 C.F.R. § 404.981. Plaintiff sought review of that decision by filing his Complaint on March 29, 2022. (Doc. No. 1).

**II.     Standard of Review**

An ALJ's findings of fact are reviewed for "substantial evidence." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1152 (2019) (quoting 42 U.S.C. § 405(g)). For legal questions, the Court's review is plenary. *Schaudeck v. Comm'r of Soc. Sec.*, 181 F.3d 429, 431 (3d Cir. 1999). The Supreme Court of the United States has explained that the "substantial evidence" standard does not erect a "high" "threshold for . . . evidentiary sufficiency." *Biestek*, 139 S. Ct. at 1154. It demands only that an ALJ's findings be supported by "such relevant evidence as a reasonable mind might accept as adequate." *Id.* (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). Accordingly, the question before the Court in this matter "is not whether [Plaintiff] is disabled, but rather whether the [ALJ's] finding that [he] is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law." *Kenyon v. Saul*, No. 1:20-CV-1372, 2021 WL 2015067, at *5 (M.D. Pa. May 19, 2021). While this standard of review is deferential, it demands that an ALJ's explanation of his or her decision is "sufficiently articulated to permit meaningful judicial review." *Id.*

An ALJ's determination of disability proceeds in five steps. *Edwards v. Berryhill*, No. CV 16-475, 2017 WL 1344436, at *1 (W.D. Pa. Apr. 12, 2017). Pursuant thereto:

> The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the

>national economy, in light of his age, education, work experience and residual functional capacity.

*Id.* (citing 20 C.F.R. § 404.1520). The inquiries at steps four and five demand that an ALJ first formulate a claimant's residual functional capacity ("RFC"), which is a finding of "the most [a claimant] can still do despite [his or her] limitations" from "medically determinable impairments" including those that are non-severe. 20 C.F.R. §§ 404.1545(a)(1)—(2), (5). The ALJ's formulation of a claimant's RFC must be "based on all the relevant evidence in [the claimant's] case record," *id.* § 404.1545(a)(1), and it must include all limitations that a claimant proves to be credible. *See Salles v. Comm'r of Soc. Sec.*, 229 Fed. Appx. 140, 147 (3d Cir. 2007) ("[T]he ALJ need only include in the RFC those limitations which he finds to be credible.").

### III.  The ALJ's Decision

In this matter the ALJ first found Plaintiff had no substantial gainful activity since his alleged onset date. (R. 17). Next, the ALJ found Plaintiff had two severe, medically determinable impairments: "multiple sclerosis (MS) and obesity." (*Id.*). Still at step-two of the five-step evaluation, the ALJ also considered what he referred to as Plaintiff's "alleged back and left hand impairments." (*Id.*). He determined these were not medically determinable impairments because "there [was] no objective medical evidence supportive of the claimant having significant back or hand abnormalities" and because Plaintiff "ha[d] engaged in activities inconsistent with those alleged limitations, including weight[-]lifting and riding motorcycles." (R. 18). Then, at step three, the ALJ found Plaintiff did not have any impairment or combination of impairments that met or equaled the criteria for an impairment listed in the regulations at 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.*).

Having resolved steps one and two in Plaintiff's favor but having found no presumptively disabling impairments at step three, the ALJ next formulated Plaintiff's RFC. The ALJ

3

considered Plaintiff's alleged symptoms, including seizures, fatigue, dizziness, difficulty concentrating, and lifting/standing limitations. (R. 19). The ALJ also considered 2019—2020 medical records, Plaintiff's daily activities, his treatment history, and medical opinion/prior administrative medical findings evidence. (R. 19—23). Based on that evidence, the ALJ found Plaintiff to be capable of a reduced range of sedentary work. (R. 18). Sedentary work is defined as work that is generally performed seated with only occasional walking and standing, and it demands no more than "10 pounds at a time" for lifting. 20 C.F.R. § 404.1567(a). Thereto, the ALJ added that Plaintiff should avoid concentrated exposure to temperature extremes and respiratory irritants, never climb ladders/ropes/scaffolds, and that he should be limited to "simple tasks, simple decisions[,] and simple instructions." (*Id.*). At step four, the ALJ found this RFC would not permit Plaintiff's return to past relevant work (R. 23); however, the ALJ found at step five that Plaintiff's RFC, age, education, and work experience would permit adjustment to "other work that exists in significant numbers in the national economy." (R. 24). Accordingly, the ALJ found Plaintiff to be not disabled at this final step of the five-step disability evaluation. (*Id.*).

### IV.   Legal Analysis

Before the Court, Plaintiff has alleged the ALJ's decision is unsupported by substantial evidence, and he has presented two arguments to the Court in support of his allegation. First, Plaintiff has argued the ALJ erred in his consideration of Plaintiff's alleged left-hand numbness (hereinafter "hand numbness") by treating it as an alleged impairment instead of a symptom of MS and, as a result, almost entirely overlooked hand numbness in the evaluation of evidence relevant to the RFC. Second, Plaintiff has argued the ALJ failed to consider the effect of mental impairments on his RFC. For the reasons explained herein, the Court will remand this matter for clarification of the ALJ's reasoning, particularly with respect to hand numbness evidence.

This first argument concerns both the ALJ's step-two finding and the ALJ's formulation of Plaintiff's RFC. At step two of the five-step evaluation, an ALJ must determine whether a claimant has a severe, medically determinable impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii), (c). A showing of just one such impairment propels the evaluation to the next step. *Id.* At this early point in an ALJ's evaluation, the bar for a claimant is not set especially high. *McCrea v. Comm'r of Soc. Sec.*, 370 F.3d 357, 360 (3d Cir. 2004). Only "groundless claims" ought to be denied at step two. *Newell v. Comm'r of Soc. Sec.*, 347 F.3d 541, 546 (3d Cir. 2003). Regardless of whether a medically determinable impairment is found to be severe at step two, it and any other medically determinable impairments must be considered in an ALJ's RFC analysis. 20 C.F.R. § 404.1545(a)(2). When an ALJ considers the evidence relevant to a claimant's RFC, the ALJ first finds "a medically determinable impairment (MDI) that could reasonably be expected to produce the individual's alleged symptoms." SSR 16-3P, 2017 WL 5180304, at *3 (S.S.A. Oct. 25, 2017). Then the ALJ "evaluate[s] the intensity and persistence of an individual's symptoms such as pain and determine[s] the extent to which an individual's symptoms limit his or her ability to perform work-related activities." *Id.* at *4. "If there is no medically determinable impairment, or if there is a medically determinable impairment, but the impairment(s) could not reasonably be expected to produce the individual's symptoms, [an ALJ] will not find those symptoms affect the ability to perform work-related activities." *Id.*

In this matter, the ALJ did not clearly explain why he considered hand numbness at step two but not in his evaluation of Plaintiff's RFC. The ALJ's consideration of alleged hand numbness at step two is brief: he found Plaintiff's "alleged . . . left[-]hand impairment[]" was not a "medically determinable" impairment because there were no "hand abnormalities" to ground it in "anatomical, physiological, or psychological abnormalities that can be shown by medically

acceptable clinical and laboratory diagnostic techniques." (R. 17—18). This brief consideration of Plaintiff's "alleged . . . left[-]hand impairment[]" shows the ALJ overlooked evidence in the record that suggested Plaintiff's hand numbness was an alleged symptom instead of an alleged impairment. At his hearing, Plaintiff testified that he experienced hand numbness around the time he was diagnosed with MS. (R. 59). He described the sensation in his left hand as feeling like he "slept on it all night." (*Id.*). With respect to severity, Plaintiff alleged his hand was almost "completely numb" and made it difficult to hold anything. (*Id.*). He also indicated it felt "cold to the touch," and he explained that he compensated for functional loss in the left hand by relying on his dominant right hand for "pretty much everything." (R. 60).

Because the ALJ rejected Plaintiff's hand numbness at step two, he did not evaluate Plaintiff's testimony regarding hand numbness pursuant to SSR 16-3P by asking whether one of Plaintiff's impairments—such as MS—could reasonably be expected to cause it and, if so, determining its limiting effect(s). Instead, he focused on Plaintiff's other alleged MS symptoms: seizures, fatigue, dizziness, difficulty concentrating, limitations in lifting, and limitations in standing (durationally). (R. 19). In his review of the objective evidence in Plaintiff's record, the ALJ very briefly noted that Plaintiff had reported some numbness in his abdomen and fingertips to his primary care doctor and that he had a normal left-hand X-ray in October 2019. (*Id.*) But he did not meaningfully evaluate Plaintiff's alleged left-hand symptoms/limitations or evidence of it like a note from the Cleveland Clinic, where Plaintiff was treated for MS, that indicated "[n]umbness in left hand is still present. Sometimes dropping things." (R. 558).

The Court does not fault the ALJ for evaluating Plaintiff's hand numbness at step-two to determine whether the record established a stand-alone, left-hand impairment. The problem here is that the ALJ's finding at step two—that an alleged left-hand impairment was not medically

determinable—interfered with appropriate consideration of Plaintiff's alleged hand numbness and related evidence toward the RFC.  The ALJ's decision does not contain a "logical bridge"[1] connecting the hand numbness allegation and related evidence to the ALJ's implicit finding that hand numbness was not a symptom of MS.  The importance of filling that logical gap in this case is underscored by a vocational expert's testimony at Plaintiff's hearing that a limitation of "no use of the left hand for fingering, handling, or feeling" would significantly reduce the number of occupations suitable for Plaintiff.  (R. 66—67).

The Court, having found remand is necessary for further consideration of Plaintiff's hand numbness, will only briefly address Plaintiff's argument that the ALJ overlooked mental impairments evidence in his formulation of the RFC.  As the Court has repeated throughout this decision, the RFC determination must be based on all relevant evidence.  20 C.F.R. § 404.1545(a)(1).  An ALJ's decision ought to show his or her consideration of relevant evidence, cite adequate evidentiary support for the findings therein, and offer a not "wrong" reason for the rejection of relevant evidence.  *Cotter v. Harris*, 642 F.2d 700, 705—07 (3d Cir. 1981).  That being said, "[t]here is no requirement that the ALJ discuss in its opinion every tidbit of evidence included in the record." *Hur v. Barnhart*, 94 Fed. Appx. 130, 133 (3d Cir. 2004) (citing *Fargnoli v. Massanari*, 247 F.3d 34, 42 (3d Cir. 2001)).

In this matter, the ALJ did not appear to address evidence Plaintiff was diagnosed with "Adjustment Disorder with Mixed **Anxiety/Depression**" in April 2020,  (R. 651—54), but he did address evidence of consistently unremarkable psychological examinations.  (R. 20).  He also considered findings offered by two State agency psychologists, Dr. Lori Anne Young and Dr.

---

[1]   *Gamret v. Colvin*, 994 F. Supp. 2d 695, 698 (W.D. Pa. 2014) (quoting *Hodes v. Apfel*, 61 F. Supp. 2d 798, 806 (N.D. Ill. 1999)).

Douglas Schiller.  (R. 22—23).  Based on their findings of some mental limitations and Dr. Young's finding that Plaintiff would be "limited to simple work performed in a stable environment," the ALJ included limitations in the RFC to accommodate functional mental limitations.  (R. 23).  Specifically, the ALJ limited Plaintiff to "simple tasks, simple decisions[,] and simple instructions," and he further restricted Plaintiff to work that would require "only occasional changes in terms of work processes or work locations."  (R. 18, 23).  While Dr. Young's findings were based on, among other impairments, "Adjustment disorder with mixed anxiety and depression," (R. 91), the ALJ attributed his inclusion of mental limits in the RFC to Plaintiff's "diagnosis of MS and its potential to cause some cognitive decline."  (R. 23).

Though this explanation for his inclusion of mental limitations in the RFC gives the Court reason to believe the ALJ overlooked evidence of a diagnosed mental impairment, this oversight alone would not be cause for remand.  Plaintiff has not pointed out evidence in his record that would tend to prove functional mental limitations beyond those found by Dr. Young and adopted by the ALJ.  Thus, it appears to have ultimately mattered little that the ALJ attributed Plaintiff's mental limitations to MS-related cognitive decline rather than Adjustment Disorder.  *See Burnside v. Colvin*, 197 F. Supp. 3d 705, 719 (M.D. Pa. 2015) ("Ultimately, the outcome of the case depends on the demonstration of the functional limitations of the disease or impairment rather than the mere diagnosis of the disease or name of the impairment.").  *See Spiva v. Astrue*, 628 F.3d 346, 353 (7th Cir. 2010) (explaining harmless error).  Though this issue would not have independently warranted remand, the Court's Order is broad enough to permit further consideration of all evidence relevant to the RFC.

## V.  Conclusion

Because the rationale in the underlying decision is unclear, the Court cannot find the decision to be supported by substantial evidence and will remand Plaintiff's claim for further administrative proceedings.  The Court *will not* reverse the underlying decision and direct payment of benefits because that remedy is only appropriate "when the administrative record of the case has been fully developed and when substantial evidence on the record as a whole indicates that the Claimant is disabled and entitled to benefits."  *Bruce v. Berryhill*, 294 F. Supp. 3d 346, 366 n.16 (E.D. Pa. 2018) (citing *Gilliland v. Heckler*, 786 F.2d 178, 184 (3d Cir. 1986)).  Such is not the case here.  The Court similarly rejects Plaintiff's request for fees because it is premature.  For all these reasons, the Court remands this matter to the Acting Commissioner for proceedings consistent with the Order.

s/ Alan N. Bloch
United States District Judge

ecf:   Counsel of Record